UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANNE C. JACOBSEN, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-0555-G |
| VERIZON COMMUNICATIONS, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Verizon Communications, Inc. and Verizon Employee Benefits Committee (collectively, the "Verizon defendants"), to dismiss the complaint filed by the plaintiffs (docket entry 23), and the motion of the plaintiffs for class certification (docket entry 35). For the reasons set forth below, the defendants' motion is granted, and the plaintiffs' motion is denied as moot.

### I. BACKGROUND

This case was transferred to this court from the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404. Memorandum of

Law in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum") at 1 (docket entry 24). The plaintiffs, Joanne C. Jacobsen ("Jacobsen") and Susan A. Burke ("Burke"), claim that the defendants violated Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA") by "reclassify[ing] . . . Plaintiffs and putative class members so as to treat them as being transferred into Idearc's pension plans." Complaint for Proposed Class Action Relief Under ERISA Section 510 ("Complaint") ¶ 85 (docket entry 1). This exact claim was dismissed by this court in a related case involving the same set of facts, same defendants, and the same putative class of plaintiffs. *Murphy v. Verizon Communications, Inc.*, No. 3:09-CV-2262-G, 2010 WL 4248845, at *12 (N.D. Tex. Oct. 18, 2010) (Fish, J.). The plaintiffs acknowledge as much in their complaint. Complaint ¶ 99 ("Plaintiffs specifically seek to pursue the very same ERISA Section 510 claim that the *Murphy* case plaintiffs attempted to pursue on behalf of the putative class."). The alleged facts surrounding the plaintiffs' transfer out of the Verizon-sponsored pension plans are described in great detail in this court's opinion dismissing, *inter alia*, the putative class' ERISA section 510 claim against the Verizon defendants as time-barred. *Murphy*, 2010 WL 4248845 at *1-3.

After this court issued its opinion in *Murphy*, the plaintiffs initiated this suit in the Middle District of Florida, asserting a cause of action against the Verizon defendants for violation of ERISA section 510. Defendants' Memorandum at 3. The

Verizon defendants moved to transfer this case, pursuant to 28 U.S.C. § 1404, from the Middle District of Florida on the ground that it directly relates to *Murphy*. *Id*. The plaintiffs consented to the motion and the case was transferred to this court on March 16, 2011. *Id*. The Verizon defendants now move to dismiss the plaintiffs' ERISA section 510 claim as time-barred.

## II.  ANALYSIS

As the court explained in *Murphy*, Texas' two-year statute of limitations applies to an ERISA section 510 claim. *Murphy*, 2010 WL 4248845, at *12. Counsel for the plaintiffs -- notably, the same counsel for the now-certified non-opt-out class of plaintiffs in *Murphy* -- attempted to circumvent this court's dismissal of the putative class' ERISA section 510 claim as time-barred by bringing the same claim against the same defendants in a forum with a longer statute of limitations. Notwithstanding the plaintiffs' forum-shopping efforts, the case has landed back here. The plaintiffs now argue that the court should apply Florida's four-year statute of limitations and allow them to pursue an ERISA section 510 claim against the Verizon defendants.

Because the Fifth Circuit has made clear that "[w]hen a case is transferred from a district in another circuit, the precedent of the circuit court encompassing the transferee district court applies to the case on matters of federal law," *Tel-Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992), and the Supreme Court has declared the statute of limitations on federal causes of actions

that "borrow" the limitations period of corresponding state law a matter of "federal law," see *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 159 n.13 (1983), this court is still bound by Fifth Circuit precedent applying Texas' two-year statute of limitations to ERISA section 510 claims.[*]  *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir. 1991).  As a result, the plaintiffs' ERISA section 510 claim must be dismissed as time-barred.

### III.  CONCLUSION

For the reasons stated above, the Verizon defendants' motion to dismiss is **GRANTED**, and the plaintiffs' motion for class certification is **DENIED** as moot.

**SO ORDERED**.

October 7, 2011.

*(signed)* A. Joe Fish
**A. JOE FISH**
**Senior United States District Judge**

---

[*]  Importantly, every case that the plaintiffs cite as authority for a different result is easily distinguished as not having a procedural posture similar to this case. Unlike those cases, the plaintiffs here are members of a now-certified, non-opt-out, class and are pursuing a claim identical to that which this court dismissed, with prejudice, as time-barred before they initiated this action in the Middle District of Florida.  Moreover, in each of those cases, the court's had diversity jurisdiction over the subject matter, requiring the court to apply state choice-of-law rules.  Here, however, this case is based on federal question jurisdiction, and the statute of limitations for an ERISA section 510 claim is itself a federal question.